# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JIMMY ANTHONY COX, SR.,**<br><br>  Plaintiff,<br><br>v.<br><br>**JOHN DRAPER et al.,**<br><br>  Defendants. | Case No. 2:20-cv-00081 |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Jimmy Anthony Cox, Sr.'s pretrial detention at the Jackson County Jail (JCJ) in Gainesboro, Tennessee. (Doc. No. 1.) Cox alleges, among other claims, that Defendant JCJ Corrections Officer Philip Davis used excessive force against him in violation of the Fourteenth Amendment. (*Id.*) Nearly two years have passed since Cox filed his complaint and, despite diligent efforts by Cox, this Court, and the U.S. Marshals Service, Davis has not been served. Although Cox actively participated in this litigation at its outset, his last filing was made on August 27, 2021 (Doc. No. 30), and he has not responded to the Court's order to show cause why his claims against Davis should not be dismissed for failure to effect service of process (Doc. No. 41). For the reasons that follow, Cox's claims against Davis be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**I.      Relevant Factual and Procedural Background**

Cox filed this action under 42 U.S.C. § 1983 in December 2020, naming Davis and several other defendants. (Doc. No. 1.) Cox's complaint alleges, among other things, that Davis sprayed

mace at him unnecessarily on July 4 and 31, 2020, while Cox was detained at JCJ. (*Id.*) Cox's complaint seeks money damages, among other relief. (*Id.*)

The Court granted Cox's application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e. (Doc. Nos. 8, 9.) With respect to Davis, the Court found that Cox had stated a colorable claim for excessive force under the Fourteenth Amendment against Davis in his individual capacity and allowed the claim to proceed for further factual development. (Doc. Nos. 8, 9.) Because the Court granted Cox's *in forma pauperis* application, it instructed Cox to complete and return a service packet for Davis so that the U.S. Marshal's Office could effect service of process on Davis on Cox's behalf in accordance with Federal Rule of Civil Procedure 4(c)(3). (Doc. No. 8.) Cox returned a completed service packet for Davis, and the Clerk of Court issued a summons to Davis and forwarded it to the Marshal's Office. (Doc. No. 10.)

On June 21, 2021, the Marshal's Office returned Davis's summons unexecuted with a note explaining that Davis could not be served because he no longer worked at JCJ. (Doc. No. 13.) The Court ordered Jackson County Sheriff Marty Hinson or an authorized representative to file a notice under seal providing Davis's last known address. (Doc. No. 14.) That address was filed under seal (Doc. Nos. 16, 18), and the Clerk issued a sealed summons for Davis at that address (Doc. No. 17). The Marshal's Office attempted to serve Davis with the sealed summons and a copy of Cox's complaint at the sealed address via certified mail, but the Marshal's Office filed a service return on July 15, 2021, showing that the mailing was returned as undeliverable with a notation that the U.S. Postal Service was unable to forward it. (Doc. No. 20.)

On August 9, 2021, the Court received a letter from Cox providing Davis's workplace address at an Amazon Distribution Center in Lebanon, Tennessee, and his home address in Hilham,

Tennessee.[1] (Doc. No. 23.) The Court found that "[t]he home address that Cox identifie[d] for Davis [was] the same address where the Marshal's Office already attempted service." (Doc. No. 26, PageID# 145.) However, the Court further found that "a public records search indicates that Davis may now reside at one of two nearby addresses in Hilham" and directed the Clerk to re-issue summonses to Davis and both addresses and forward them to the Marshal's Office for service. (*Id.*) The Clerk re-issued summonses to Davis and forwarded them to the Marshal's Office. (Doc. No. 27.) The Marshal's Office filed service returns on September 7 and 10, 2021, showing that it attempted to serve the re-issued summonses on Davis by certified mail, but both were returned as undeliverable. (Doc. Nos. 31, 32.)

On September 12, 2022, the Court ordered Cox to show cause by September 26, 2022, why his claims against Davis should not be dismissed for failure to effect service of process. (Doc. No. 41.) The docket shows that a copy of the show-cause order mailed to Cox at the corrections facility he identified as his mailing address was returned as undeliverable because Cox is no longer incarcerated there. (Doc. No. 42.) Cox has not responded to the show-cause order.

**II.    Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

---

[1]    Cox stated that Davis's home address was located in "Hamilton TN 38568 . . . ." (Doc. No. 23, PageID# 135. The Court explained that "[t]here is no such city in Tennessee, and the ZIP code Cox provide[d] matche[d] the ZIP code for Hilham, Tennessee[.]" (Doc. No. 26, PageID# 145 n.1.)

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

4

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III. Analysis

This action has been pending for almost two years without proper service of process on Davis. While Cox, the Court, and the U.S. Marshals Service all took steps to serve Davis at the outset of this litigation, these efforts were unsuccessful. More recently, Cox has not responded to the Court's order to show cause why his claims against Davis should not be dismissed under Rule 4(m), and it appears that Cox has failed to keep the Court apprised of his current mailing address as required by Local Rule 41.01(b). *See* M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). Cox therefore has not shown good cause to extend the time for service on Davis.

Considering the relevant factors, the Court finds that a discretionary extension is not warranted. An extension would be well beyond the timely service of process, there is no indication that Davis had actual notice of this action, and there do not appear to be any unique equitable factors weighing in favor of an extension. While Cox is pro se and initially made diligent, good

5

Case 2:20-cv-00081   Document 44   Filed 11/15/22   Page 5 of 6 PageID #: 226

faith efforts to effect service of process on Davis, the Court has already afforded Cox additional latitude, Cox has not kept the Court apprised of his mailing address, and he has stopped participating in this litigation. There is no indication that Davis would be prejudiced by a further extension, and Cox's claims against Davis would likely be time-barred if he tried to refile them. On balance, these factors weigh against a discretionary extension of the time to serve Davis. Dismissal without prejudice of Cox's claims against Davis is therefore appropriate under Rule 4(m).

**IV.    Conclusion**

For these reasons, Cox's claims against Davis are DISMISSED WITHOUT PREJUDICE under Rule 4(m) for failure to effect service of process.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE